**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4709**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAWASI DINGLE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:11-cr-00536-RBH-1)

Submitted: February 21, 2019                    Decided: February 25, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Casey P. Riddle, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kawasi Dingle appeals the 23-month sentence imposed by the district court upon revocation of supervised release. Dingle's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Dingle's sentence is reasonable. Dingle was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). Only if we determine that a revocation sentence is unreasonable will we assess whether it is plainly so. *Id.* In undertaking this analysis, "we strike a more deferential appellate posture than we do when reviewing original sentences." *Id.* (internal quotation marks omitted). "The sentencing court must consider both the policy statements and the applicable policy statement range found in Chapter 7 of the Sentencing Guidelines manual, as well as the applicable 18 U.S.C. § 3553(a) factors." *Id.* (brackets and internal quotation marks omitted). We presume that a sentence within the policy statement is reasonable. *Id.*

Having carefully reviewed the record, we conclude that Dingle's sentence is below the statutory maximum and is reasonable. The district court noted that it considered the applicable § 3553 factors and explained the rationale for the sentence, including the court's concern that Dingle was involved in new drug activity. Accordingly, Dingle's revocation sentence, which is below the policy statement range, is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dingle's sentence. This court requires that counsel inform Dingle, in writing, of the right to petition the Supreme Court of the United States for further review. If Dingle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dingle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*